[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
This matter came before the court on July 15, 2002 in the form of plaintiffs' application for prejudgment remedy. The court file reveals the application was initially presented to the Clerk's Office on or about November 26, 2001 and scheduled for a hearing on December 24, 2001. Several days prior to the latter date, Governor Rowland ordered the courts of the State of Connecticut be closed on December 24, necessitating that all matters on the courts' calendars for December 24, a Monday, be rescheduled.
The following facts not readily apparent from the file have been stipulated to by the parties. The Clerk's Office rescheduled the hearing of plaintiffs' application for January 24, 2002. On that day, at CT Page 10167 plaintiffs' request, and without objection by the defendants, the application was marked off and the parties agreed on a new hearing date of March 4, 2002. At the defendants' request and without objection by the plaintiffs the hearing was then rescheduled for March 11, 2002. The March 11 hearing was postponed at the request of the plaintiffs and without objection by the defendants. Plaintiffs then attempted to arrange a rescheduled hearing on a date agreeable to defendants. When this was unsuccessful plaintiffs requested the Clerk's Office on June 5, 2002 to set a new hearing date. On June 12, 2002 the Clerk's Office scheduled the hearing for July 15, 2002, and the hearing on the application began that day.
The defendants moved on July 12, 2002 to dismiss the application on the grounds that the court lacked subject matter jurisdiction based on the provisions of General Statutes § 52-278j (b). The pertinent portion of that statute reads as follows:
 If an application for a prejudgment remedy is denied and the plaintiff, within thirty days thereof, does not serve and return to court the writ of summons and complaint for which the prejudgment remedy was requested, or if a date for a hearing upon a prejudgment remedy is scheduled by the clerk and such hearing is not commenced within thirty days thereof, . . . the court shall order the application to be considered as having been withdrawn.
The court holds that General Statues § 52-278j (b) does not require the dismissal of the pending application. The hearing has been scheduled for several dates but has not gone forward for varying reasons: the Governor's order, the plaintiffs' requests and the defendants' request. In each instance, however, a new hearing date has been scheduled. The latest scheduled date was July 15, 2002 and the hearing did commence on that date. There is nothing in the statute which requires a court to order the withdrawal of a prejudgment remedy application if a hearing is not held within thirty days of the first scheduled date. If that were the case the Governor's unexpected court closing order would require the court to deem the application withdrawn even though the plaintiff had no control over the circumstances. To the contrary the statute talks of "a" date for a hearing. Thus, when the Clerk's Office set the date of July 15, 2002 for the hearing, "a" date had been scheduled and since the hearing commenced on that date, the provisions of § 52-278j (b) do not require dismissal.
This interpretation of the statute is consistent with what the court perceives as the legislative intent to curtail a prejudgment remedy CT Page 10168 applicant from holding the threat of an attachment or garnishment over the head of a defendant without actually prosecuting the application. That is not the case here. While both sides requested postponements there is no evidence that plaintiffs were unnecessarily dilatory. Nor is there any evidence that defendants, who agreed to the postponements were prejudiced. With the exception of the March to early June 2002 period there always was a date set for a hearing. This is the critical distinction from the circumstances in a case relied on by the defendants, Yankee Oil, Ins. v. Carignan, Superior Court, CV 99 69159 (October 19, 1999, Zarella, J) (25 Conn.L.Rptr 557). In that case the court found that "before the hearing commenced" on the scheduled date the parties undertook and completed settlement negotiations and the settlement was entered on the record in open court. No other or continued hearing date was scheduled. After several months one party repudiated the settlement. On the applicant's motion to enforce the settlement the court held there was no framework within which to enforce the settlement. The court determined no case had been started and the prejudgment remedy application, pursuant to Section 52-278j (b) was deemed withdrawn, because more than thirty days had passed since the only hearing date scheduled.
For the foregoing reasons the motion to dismiss is denied. Counsel are directed to contact the Civil Case Flow Office to schedule the continuation and completion of the prejudgment remedy application hearing.
ADAMS, J.